**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDUARDO TAPIA, | : | |
| | : | Civil Action No. 12-4725 (FLW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BEVERLY HASTINGS, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Eduardo Tapia
East Jersey State Prison
Rahway, NJ 07065

**WOLFSON**, District Judge

Petitioner Eduardo Tapia, a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] challenging his conviction for kidnapping.  The

--------

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Respondents are Beverly Hastings and the Attorney General of the
State of New Jersey.

By Opinion and Order [5, 6] entered September 4, 2012,
Petitioner was directed to show cause why this Petition should
not be dismissed with prejudice as untimely.  Petitioner has
filed his Response [10] and this matter is now ready for
decision.

## I.   BACKGROUND

Following a jury trial in the Superior Court of New Jersey,
Law Division, Monmouth County, Petitioner was convicted in 2003
of second-degree conspiracy to commit kidnapping, in violation of
N.J.S.A. 2C:5-2 and N.J.S.A. 2C:13-1, first-degree kidnapping, in
violation of N.J.S.A. 2C:13-1(b), third-degree possession of a
weapon (switchblade) for an unlawful purpose, in violation of
N.J.S.A. 2C:39-4(d), and fourth-degree possession of a prohibited
weapon (switchblade), in violation of N.J.S.A. 2C:39-3(e).

The trial court sentenced Petitioner to an aggregate
sentence of sixteen years subject to an 85% parole disqualifier
pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On direct appeal, the Superior Court of New Jersey,
Appellate Division, affirmed the conviction and sentence.[2]  The

_____

[2] On direct appeal, Petitioner asserted the following
grounds for relief: (1) ineffective assistance of trial counsel,
(2) insufficient evidence to sustain the convictions,
(3) excessive sentence.

Supreme Court of New Jersey denied certification on October 7,
2005.  State v. Tapia, 185 N.J. 295 (2005).  Petitioner did not
seek a writ of certiorari from the Supreme Court of the United
States.

Petitioner filed his first state petition for post-
conviction relief on January 6, 2006.  In an oral opinion placed
on the record on January 26, 2007, the trial court denied relief.
The Appellate Division affirmed the denial of relief, State v.
Tapia, 2009 WL 112726 (N.J. Super. App.Div. Jan. 20, 2009), and
on May 8, 2009, the Supreme Court of New Jersey denied
certification.  State v. Tapia, 199 N.J. 516 (2009).[3]

Petitioner filed his second state petition for post-
conviction relief on June 15, 2009.[4]  The trial court found the
second PCR petition time barred, pursuant to the five-year limit
of Rule 3:22-12 of the New Jersey Court Rules, procedurally
barred, pursuant to Rules 3:22-4 and 3:22-5, and meritless.  The
Appellate Division affirmed on the same grounds.

_____

[3] In his first state PCR petition, Petitioner raised and
exhausted claims related to the ineffective assistance of trial
and appellate counsel, including the failure to object to an
allegedly improper summation by the prosecutor.  Certain claims
raised for the first time on appeal were not considered by the
Appellate Division.

[4] In his second state PCR petition, Petitioner raised claims
of ineffective assistance of trial and appellate counsel,
including the failure to request a hearing regarding the
admissibility of his statements under Miranda v. Arizona, 384
U.S. 436 (1966), the failure to investigate and call witnesses,
and the failure to object to jury instructions.

Post-conviction relief constitutes "New Jersey's analogue to the federal writ of habeas corpus."  State v. Preciose, 129 N.J. 451, 459 (1992). ...

To protect against courts addressing endless issues in a piecemeal fashion, certain procedural rules govern PCR petition filings.  For example, Rule 3:22-12(a) imposes a five-year limitation on filing a petition after the judgment sought to be attacked.  Although the time limitations are not absolute and may be waived to prevent a fundamental injustice, the rule must be viewed in light of its dual purpose to ensure that the passage of time does not prejudice the State's retrial of a defendant and to respect the need for achieving finality.  State v. DiFrisco, 187 N.J. 156, 166-67 (2006). ...

We are satisfied that defendant's PCR petition, filed six years after the judgment of conviction without any claim of excusable neglect, is clearly time-barred.  R. 3:22-12.

State v. Tapia, 2012 WL 163125, *3 (N.J. Super. App.Div. Jan. 20, 2012).  The Supreme Court of New Jersey denied certification on June 21, 2012.  State v. Tapia, 210 N.J. 480 (2012).

This Petition, dated July 5, 2012, followed.[5]  Here, Petitioner asserts that he was denied his constitutional right to effective assistance of counsel because his trial counsel failed to request a Miranda hearing to test the voluntariness of Petitioner's statements and failed to call any witnesses.

II.  ANALYSIS

---

[5] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[6] which provides in pertinent part:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Here, Petitioner alleges no facts suggesting a later starting date than the date that the challenged judgment became

---

[6] The limitations period is applied on a claim-by-claim basis.  See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

final, under 28 U.S.C. § 2244(d)(1)(A).[7]  Thus, evaluation of the timeliness of this § 2254 petition requires determination of, first, when the pertinent judgment became "final," and, second, the period of time during which any application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, the challenged judgment became "final," and the federal habeas limitations period began to run, on January 3, 2006, ninety days after the Supreme Court of New Jersey denied certification in Petitioner's direct appeals, on October 5, 2005. Thus, Petitioner had until January 3, 2007, to file his federal habeas petition, unless there were grounds for tolling.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is
> commonly understood, when it is delivered to, and

---

[7] That is, Petitioner does not allege that he was under any impediment, or that he relies upon a new and retroactive rule of constitutional law, or that the factual predicates for his claims were not known to him at the time the conviction became "final."

accepted by the appropriate court officer for placement
into the official record.  And an application is
"<u>properly</u> filed" when its delivery and acceptance are
in compliance with the applicable laws and rules
governing filings.  These usually prescribe, for
example, the form of the document, the time limits upon
its delivery, the court and office in which it must be
lodged, and the requisite filing fee.  In some
jurisdictions the filing requirements also include, for
example, preconditions imposed on particular abusive
filers, or on all filers generally.  But in common
usage, the question whether an application has been
"properly filed" is quite separate from the question
whether the claims <u>contained in the application</u> are
meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote

omitted) (finding that a petition was not "[im]properly filed"

merely because it presented claims that were procedurally barred

under New York law on the grounds that they were previously

determined on the merits upon an appeal from the judgment of

conviction or that they could have been raised on direct appeal

but were not).

Where a state court has rejected a petition for post-

conviction relief as untimely, however, it was not "properly

filed" and the petitioner is not entitled to statutory tolling

under § 2244(d)(2).  <u>Pace v. Diguglielmo</u>, 544 U.S. 408 (2005).

This is so even where, in the alternative, the state court

addresses the merits of the petition in addition to finding it

untimely.  <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is

considered "pending" within the meaning of § 2244(d)(2), and the

limitations period is statutorily tolled from the time it is
"properly filed," during the period between a lower state court's
decision and the filing of a notice of appeal to a higher court,
Carey v. Saffold, 536 U.S. 214 (2002), and through the time in
which an appeal could be filed, even if the appeal is never
filed, Swartz v. Meyers, 204 F.3d at 420-24.  More specifically,
"The time that an application for state post conviction review is
'pending' includes the period between (1) a lower court's adverse
determination, and (2) the prisoner's filing of a notice of
appeal, provided that the filing of the notice of appeal is
timely under state law."  Evans v. Chavis, 546 U.S. 189, 191
(2006) (finding that time between denial of post-conviction
relief and filing of appeal was not tolled where appeal was
untimely, even where state considered untimely appeal on its
merits).  However, "the time during which a state prisoner may
file a petition for writ of certiorari in the United States
Supreme Court from the denial of his state post-conviction
petition does not toll the one year statute of limitations under
28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the
County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert.
denied, 534 U.S. 959 (2001).

     Here, Petitioner filed his first state petition for post-
conviction relief three days after the conviction became "final"
for federal habeas purposes.  That first PCR petition remained

pending until the Supreme Court of New Jersey denied

certification on May 8, 2009.  At that point, Petitioner had 362

days remaining on his federal limitations period, or until May 5,

2010, unless there were grounds for additional tolling.

Petitioner filed his second state PCR petition on June 15,

2009.  Such filing, however, did not toll the statute of

limitations for the purposes of Plaintiff's federal habeas

petition, because the state courts determined that the PCR

petition was time-barred under state law.  In that regard, the

finding that the second state PCR petition was untimely filed

disqualifies that petition as"properly filed."  See Heleva v.

Brooks, 581 F.3d 187, 194 (3d Cir. 2009).  Accordingly, because

the PCR petition does not satisfy the conditions for statutory

tolling under § 2244(d)(2), the instant federal habeas Petition

had to be filed by May 5, 2010.

While Petitioner does not dispute any of the foregoing dates

or findings, he, nevertheless, contends that the limitations

period should be equitably tolled. Petitioner's sole reason is

based upon the fact that he had no prior knowledge of the

requirement that state petitions for post-conviction relief must

be "properly filed" in order to statutorily toll the limitations

period and that, if he had known of that requirement, he would

have asserted "excusable neglect" in state court to justify the

late filing of his second state petitioner for post-conviction

relief, or he would not have proceeded with the second state PCR petition.

Addressing Plaintiff's "excusable neglect" argument, as noted in this Court's prior Opinion, the limitations period of § 2244(d) is indeed subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  However, equitable tolling applies

> only when the principles of equity would make the rigid
> application of a limitation period unfair.  Generally,
> this will occur when the petitioner has in some
> extraordinary way been prevented from asserting his or
> her rights.  The petitioner must show that he or she
> exercised reasonable diligence in investigating and
> bringing the claims.  Mere excusable neglect is not
> sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted).  Among other circumstances, which are not relevant here, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159.  See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in

the text or legislative history of AEDPA, precludes a federal
court from deeming the limitations period tolled for such a
petition as a matter of equity"); 533 U.S. at 192 (Breyer, J.,
dissenting, joined by Ginsburg, J.) (characterizing Justice
Stevens's suggestion as "sound").  None of these circumstances
are present in this case.

Here, Petitioner's assertion of ignorance regarding the
requirements of the federal limitations period is not a
sufficient basis for equitable tolling. Indeed, ignorance of the
law, even for an incarcerated pro se petitioner, generally does
not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714
(5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Delaney v.
Matesanz, 264 F.3d 7, 15 (1st Cir. 2001).  Petitioner simply
fails to demonstrate any extraordinary circumstances that would
permit the equitable tolling of the one-year statute of
limitations.  Consequently, his habeas petition – filed more than
two years after the federal limitations period expired on May 5,
2010 – is dismissed with prejudice as time-barred.

III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find debatable this Court's procedural ruling regarding the untimeliness of this Petition.  Accordingly, no certificate of appealability will issue.

12

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed with prejudice as untimely.  No certificate of appealability will issue.  An appropriate order follows.


                                          /s/ Freda L. Wolfson
                                     Freda L. Wolfson
                                     United States District Judge

Dated:  October 3, 2012

13